UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARRY KORCSMAROS,

    Plaintiff,

vs.

    CASE NO.

FINANCIAL ASSET MANAGEMENT
SYSTEMS, INC.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff Barry Korcsmaros ("Plaintiff") alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act Fla. Stat. § 559.55 *et seq.* ("FCCPA") against Defendant Financial Asset Management Systems, Inc. ("Defendant"). Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff is a natural person and a citizen of the State of Florida, residing in Pinellas County, Florida. Plaintiff is a cellular subscriber and has dominion over the cellular telephone that Defendant was calling.

6. Defendant is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection. Defendant maintains a registered agent in Florida, is licensed as a Consumer Collection Agency with the Florida Office of Financial Regulation, and Defendant's principal place of business is in Tucker, Georgia.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff allegedly defaulted on private student loans.

10. At some point after Plaintiff allegedly incurred and defaulted on the subject debt, the subject debt was assigned, acquired by or consigned to Defendant for purposes of collection.

11. In or around 2013 Defendant began calling Plaintiff attempting to collect the subject debt. Plaintiff on several occasions asked Defendant to stop calling him, the last time in or around October, 2014.

12. Defendant subsequently began placing automated telephone calls to Plaintiff.

13. Upon answering any of these calls, the Plaintiff was greeted by an automated, machine operated pre-recorded voice that immediately began speaking as follows:

> Hello, this is Financial Asset Management Systems calling with a message. This is an attempt to collect a debt. Please call us at 888-681-4326. Again, that number is 888-681-4326. Thank you.

14. Defendant also placed automated telephone calls to Plaintiff asking Plaintiff to call 866-428-7958.

15. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial voice or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

16. Moreover, Defendant began placing automated telephone calls after Plaintiff informed Defendant to stop calling him and all reasonable attempts at persuasion and negotiation to collect the subject debt had failed. Defendant's calls were aimed solely at harassing Plaintiff and exhausting Plaintiffs will. *See Schauer v. Morse Operations, Inc.*, 5 So.3d 2, 5 (Fla. Dist. Ct. App. 2009) (citing *Story v. J.M. Fields, Inc.*, 343 So.2d 675, 677 (Fla. Dist. Ct. App. 1977)).

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff incorporates paragraphs 1 through 16 herein.

18. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, without Plaintiff's consent or after Plaintiff's consent had been revoked, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

    b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice; and

    d. Such other or further relief as the Court deems proper.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff incorporates paragraphs 1 through 16 herein.

20. Defendant violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice. These actions further violated Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5). *See Clark v. Weltman, Weinberg & Reis, Co., L.P.A.*, 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

21. As a result of Defendant's violation of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

## COUNT III

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

22. Plaintiff incorporates paragraphs 1 through 16 herein.

23. The foregoing acts and omissions of Defendant violate FCCPA § 559.72(7), which states that is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his

family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

24. As a result of Defendant's violations of FCCPA, pursuant to Section 559.77, Fla. Stat. Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for statutory damages, attorney's fees, costs and such further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

/s/ Robert H. Markland
Robert H. Markland, Esq.
Fla. Bar No. 117826
Robert@Dispartilaw.com
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
Paul@Dispartilaw.com
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
Ryan@Dispartilaw.com
**DISPARTI FOWKES & HASANBASIC, P.A.**
2154 Duck Slough Blvd
Suite 101
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)